UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY FERGUSON,

    Plaintiff,

v.                                              Case No: 6:18-cv-1203-Orl-18TBS

EAST COAST WAFFLES, INC.,

    Defendant.

## ORDER

Pending before the Court is Plaintiff, Jeffrey Ferguson's Unopposed Motion for Leave to File FED. R. CIV. P. 26(a)(2)(c) Expert Disclosure (Doc. 19). February 15, 2019 was the deadline for Plaintiff to make his expert disclosures (Doc. 15 at 1). Plaintiff filed this motion, which includes his expert disclosures, on February 20, 2019 (Doc. 19). He seeks leave to make his disclosures out-of-time on account of a calendaring error in his lawyer's office (Id., ¶¶ 2-3).

Plaintiff argues that his motion should be granted because he has demonstrated the good cause required by FED. R. CIV. P. 6(b)(1) (Id., at 2). This of course, is not the standard. Plaintiff's motion asks the Court to modify a deadline in the Case Management and Scheduling Order. Federal Rule of Civil Procedure 16(b)(4) states that after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's note). "The good cause standard under Rule 16 focuses primarily on the

diligence of the party seeking modification of the scheduling order." Dang v. Sheriff of Seminole Cty., Case No. 6:14-cv-37-Orl-31TBS, 2015 U.S. Dist. LEXIS 50946, *3-4 (M.D. Fla. Apr. 16, 2015) (Smith J.). "The burden of establishing good cause/diligence rests squarely on the party seeking relief from the scheduling order." Northstar Marine, Inc. v. Huffman, Case No. 13-0037-WS-C, 2014 WL 3720537, at *3 (S.D. Ala. July 28, 2014). Plaintiff's motion does not satisfy the Rule 16 standard.

The second problem with Plaintiff's motion is that he has filed his expert disclosures. This district prohibits parties from filing discovery material unless "ordered by the Court, if necessary to the presentation or defense of a motion, or if required by law or rule." Middle District Discovery (2015) at 4;[1] see also FED. R. CIV. P. 5(d)(1); M.D. FLA. R. 3.03. Plaintiff should not have included his disclosures in his motion.

Still, Defendant does not oppose the motion and counsel has admitted his calendaring mistake so the Court will **GRANT** the motion and deem Plaintiff's expert disclosures timely made. Going forward, counsel should be more mindful of the applicable rules.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] The Middle District Discovery (2015) handbook can be found on the Court's website, http://www.flmd.uscourts.gov, in the left hand column under the "Local Rules" tab.